UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 1:23-cr-00123-JRS-MG ) |
| CHRISTOPHER NORFOLK, | )   -12 ) |
| Defendant. | ) |

**ENTRY FOR NOVEMBER 25, 2024**

On this date, Defendant, Christopher Norfolk, appeared in person and by counsel, Terry Tolliver, for a change of plea and sentencing hearing. The Government appeared by counsel, Adam Eakman, with its investigative agent, Elise Podjowski. Kristine Talley appeared on behalf of the United States Probation Office. The hearing was recorded by Court Reporter, Laurie Morgan.

After placing the Defendant under oath, the Court inquired of the Defendant whether the Defendant understood the rights that the Defendant would relinquish if the Court accepted the Defendant's plea of guilty to Count 3 of the Superseding Indictment, and the Defendant responded affirmatively. Evidence of a factual basis for the plea was heard and was accepted of record. The Court also conducted additional inquiry of the Defendant, and as a result of the information and testimony provided at the hearing the Court was satisfied that:

- the Defendant was fully competent and able to enter an informed plea,
- the Defendant's plea was being made knowingly and voluntarily,
- the plea was supported by an independent basis in fact containing each of the essential elements of the offense charged.

The Court accepted the Petition to Enter a Plea of Guilty, and the Defendant's subsequent pleas of guilty pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The Court adjudged the Defendant guilty.

The parties were heard with respect to the sentence and application of the Sentencing Guidelines.

Pursuant to the Sentencing Reform Act of 1984, Sentence was imposed as stated on the record, including:

- <u>Special Assessment:</u> $100.00.
- <u>Incarceration:</u> Time Served, consecutive to any sentence imposed in Marion County Superior Court cause number 49D29- 2011-F4-035059.
- <u>Supervised Release:</u> 3 years.
- <u>Fine:</u> $500.00, interest waived.
- <u>Abandonment:</u> The Defendant agrees to abandon a Flirt pole; Animal medicine vials tubing and needles; Blood samples; Dog Food Nation folder; Dog breeding chart; Shock collar with remote control; ABBA paperwork and breeding bracket; Receipt for canine vaccine; Black harness; Orange crane scale; Paw Paws treadmill; Weighted collar; Pinworm treatment and medicine bottles; and Vetguard Plus for Dogs with tube (collectively Asset Identification Number: 23- FBI-008210).

By reference to the PSR, and after the Defendant waived formal reading, the Court advised the Defendant that while he is on supervised release, he is to comply with the following conditions:

- You shall not commit another federal, state or local crime.
- You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter (unless waived).
- If this judgment imposes a fine or restitution, it is a condition of probation/supervised release that you pay in accordance with the Schedule of Payments sheet of the Judgment and Commitment Order.
- You shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution (if applicable).

- You shall cooperate with the collection of DNA as directed by the probation officer.
- You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.
- You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.
- You shall not knowingly leave the federal judicial district where you are being supervised without the permission of the supervising court/probation officer.
- You shall report to the probation officer in a manner and frequency directed by the court or probation officer.
- You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.
- You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.
- You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.
- You shall permit a probation officer to visit you at a reasonable time at home or another place where the officer may legitimately enter by right or consent and shall permit confiscation of any contraband observed in plain view of the probation officer.
- You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.
- You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.
- You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.
- You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.
- You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid

- prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.
- You shall not use or possess alcohol.
- You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.
- You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.
- You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection any outstanding fines and/or restitution.
- You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.
- You shall not engage in any employment or volunteer activity, including community service work, involving animals.
- You shall not have any non-incidental contact with animals.

The Defendant shall pay to the United States a special assessment of $100.00. Payment of the special assessment and fine shall be due immediately and is to be made directly to the Clerk, U.S. District Court.

The Defendant was remanded to the custody of the U.S. Marshal.

The Government orally moved to dismiss the original Indictment as to this Defendant. The Court **GRANTED** said motion and the original Indictment is **DISMISSED** as to Christopher Norfolk.

The proceedings were adjourned.

Date: 11/25/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.